# Hull's Lunacy.

*Appeals—Jurisdiction—Supreme and Superior Courts—Money controversy—Lunacy—Certification of case from one court to another.*

Where on an appeal to the Superior Court from an order of the court of common pleas superseding an inquisition in lunacy and proceedings thereon because of the restoration of sanity, it is promptly made to appear to the Superior Court that the value of the alleged lunatic's estate is over $1,500, the case will be certified to the Supreme Court, and this is so whether the appeal be regarded as involving a money controversy, or as only involving the question of the superseding of the inquisition and proceedings thereon.

Exceptions to jurisdiction of the Superior Court. Appeal, No. 16, March T., 1914, from decree of C. P. Lackawanna Co.

Per Curiam, October 00, 1913:

By proceedings in the court of common pleas William H. Hull was found to be a lunatic and Grace H. Peck was appointed committee of his person and estate. About two years later he filed a petition alleging that he was restored and prayed that all proceedings be suspended and superseded. After hearing the evidence the court found that he had been restored to sound mind, and thereupon decreed that the commission of lunacy with the inquisition thereon and the appointment of a committee be superseded. The court further decreed that the committee should forthwith file an account of her management of the estate. Counsel for the committee and children excepted to the opinion and decree of the court and on August 19, 1913, an appeal was taken to this court by the committee. In the following month a petition was presented on behalf of the next of kin praying that the record be amended by adding thereto their names as parties appellant. Upon presentation of this petition a rule was granted by one of the judges of this court, returnable before the court, to show cause why the

amendment should not be allowed, and also why proceedings in the court below should not be stayed pending the disposition of the appeal, and an order was made staying proceedings in the court below pending the disposition of the rule to show cause. About the same time the appellee filed exceptions to the appeal and was granted a rule to show cause why it should not be quashed. Amongst these exceptions was an objection to the jurisdiction of this court, and in support of that a certificate of the trial judge was filed setting forth that the value of the property, of which the right of possession or custody is in dispute, exceeds $1,500. It also appears by the opinion of the court that the amount of the estate of the appellee, either directly or indirectly involved in the appeal, is several thousand dollars.

From the foregoing statement, it will be seen that the provisions of two statutes are pertinent and must be considered; first, the provision of the act of 1897 that if an appeal is erroneously taken to the Superior Court in any case which is appealable directly to the Supreme Court, the Superior Court shall not quash the appeal but shall certify the case, at the costs of the appellant, to the Supreme Court for hearing and decision; second, the provision of the act of 1899 that if objection is made to the jurisdiction of the Superior Court, the court shall hear and decide it speedily. Applying these statutory provisions to the case before us, it is apparent, we think, that whether the appeal be regarded as involving a money controversy or as only involving the question of the superseding of the inquisition and proceedings thereon, it belongs to a class of cases which are appealable directly to the Supreme Court. Our conclusions, therefore, are that the objection to the jurisdiction of this court having been promptly made and being sustained, we should make no disposition of the motion to amend or of the motion to stay proceedings in the court below pending the appeal; that the order heretofore made staying proceedings in the court

below pending the disposition of the rule to amend should be rescinded; and that the other objections raised by appellee to the appeal should be left undisposed of by us. For it would seem clear that if the appellate jurisdiction is in the Supreme Court, these are matters to be determined by that court.

And now, to wit, October 13, 1913, for the reasons above given the order heretofore made staying proceedings in the court below pending the disposition of the rule to amend is rescinded, and the appeal is certified, at the costs of the appellant, to the Supreme Court for hearing and decision.